IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DEBORAH K. RANKIN,<br><br>    *Plaintiff,*<br><br>v.<br><br>APPALACHIAN POWER COMPANY, D/B/A AMERICAN ELECTRIC POWER,<br><br>    *Defendant.* | CASE NO. 6:14-cv-00047<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

## I. INTRODUCTION

Plaintiff Deborah Rankin ("Plaintiff" or "Rankin") filed this action against Defendant Appalachian Power Company, doing business as American Electric Power ("Defendant" or "AEP"), alleging violations of the Americans with Disabilities Act ("ADA"). This matter is now before me on a motion to dismiss filed by Defendant, in which it seeks dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff's complaint contains no facts supporting a claim under the ADA, I will grant Defendant's motion.

## II. BACKGROUND

Plaintiff alleges the following: over a year ago, her landlord refused to "repair/service the heat pump in her former residence." Without a heat pump, Rankin was forced to use multiple fans and heaters to cool and heat her home. The use of such devices caused a dramatic increase in her electricity expenses, and as a result of her inability to pay such costs, Plaintiff entered into a monthly "budget plan" with her electricity provider: AEP. Eventually, Plaintiff's electricity bill became due in full, and because Plaintiff could not satisfy her debt, AEP terminated her

electricity services. Following that event, Rankin moved to a new residence and again attempted to obtain electricity from AEP. AEP refused to do so in light of Plaintiff's unpaid debt. Rankin now seeks an emergency hearing and an order requiring Defendant to restore her electricity.

### III. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court considering dismissal under Rule 12(b)(6) must take the facts in the light most favorable to the plaintiff. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, a complaint must contain enough factual allegations to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or a plaintiff's "formulaic recitation of a cause of the elements of a cause of action." *Id.* at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." *Id.* Thus, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Moreover, in order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. Discussion

Plaintiff brings her claim under the ADA, but she fails to identify any provision of the ADA which Defendant has violated. Moreover, even after liberally construing Plaintiff's complaint, I am unable to identify any facts which support a cause of action under the ADA. Defendant argues that Plaintiff's failure to plead such facts warrants dismissal of her complaint.

Defendant's argument is well taken. In considering the sufficiency of a complaint on a motion to dismiss, the United States Court of Appeals for the Fourth Circuit states that dismissal is appropriate where "it appears that the plaintiff[] would not be entitled to relief under any facts which could be proved in support of their claim." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Accordingly, because Plaintiff's complaint contains no facts which support her conclusory allegation that Defendant has violated the ADA, Plaintiff's claim is insufficient to survive a motion to dismiss and her complaint will therefore be dismissed.

## V. Conclusion

For the foregoing reasons, I find that Plaintiff's complaint is insufficient to state a cause of action under the ADA. I will therefore grant Defendants' motion to dismiss (docket no. 6) and dismiss Plaintiff's complaint (docket no. 2). An appropriate order follows.

Entered this __30th__ day of January, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE